Per Curiam:
 

 Bayard,
 
 Chief Justice.
 

 In this case an application is made by the Attorney-general
 
 ex oficio,
 
 on behalf of the State, for a mandamus to the Wilmington Bridge Company, to compel the company to repair and construct the bridge over the Christiana river, in eonfor-Imity with the injunctions of their charter. The company was in-Icorporated in the year 1807, and authorized to construct a bridge [across the Christiana creek at Wilmington, and to open certain roads [leading from thence towards the town of New Castle. The width [of the roads and the general dimensions of the bridge are prescribed In the first and eighth sections of the act; but in order to insure the (construction of a bridge and roads adapted to the public wants, and Ito prevent any encroachment upon the rights and convenience of the Ipublic afterwards, the sixth section provides for the appointment of la board of commissioners who are named in the act, to fix on the place for the bridge and to lay out the roads, and directs them to pause the surveyor whom they employ
 
 “to malte a correct plot or IIraft of the bridge and roads aforesaid,”
 
 which shall be signed by Ihe surveyor and certified by the commissioners as approved by them, imd then, returned into the office of the clerk of the peace for New Kastle county, to be by him recorded and carefully kept. The same
 
 *314
 
 section then provides that the “said return when made in the manner aforesaid, shall be conformed to by the said Wilmington Bridge Company,
 
 who shall erect the bridge and open the roads as they are or shall be laid down in the said plot or draft, without any deviation therefrom, and, the said bridge and roads shall forever thereafter be kept in good order and repair by the said company.
 
 (4
 
 Del. Laws
 
 63.) The tenth section, in consideration of the expenses thus to be incurred, grants to the company the right to take certain rates of toll or pontage for crossing the bridge; and the twenty-first section declares the bridge and roads to be a public highway. The whole object of the charter was the construction of this highway for the convenience of the public, and due precaution was taken by the above provisions, to promote and secure that convenience by requiring, both in its construction in the first instance and in its preservation afterwards,
 
 a conformity without any deviation,
 
 to the plot or draft sanctioned by
 
 the
 
 commissioners. In
 
 the recent
 
 repairs of ibis bridge, it would seem that the company have deviated from the original draft, and contracted the carriage tracks so as to render the passage inconvenient and dangerous, and the grand jury of the county have presented it as a nuisance. The Attorney-general acting
 
 ex officio
 
 upon that presentment, now asks a mandamus to the company, to compel a compliance with'their duty under the charter. It is objected on behalf of the
 
 company
 
 — -first, that this alledged misfeasance, if there be one, falls under that class of misdemeanors denominated I nuisances, of which when committed within the limits of the city ofj Wilmington, the mayor’s court has exclusive jurisdiction; and
 
 second-
 
 Í
 
 ly,
 
 that there should have been some individual relator, whose right I to the writ should be sustained by affidavit, stating explicitly the I facts on which he relied in support of it. As to the first objection,! although the violation of a public duty is an offence which may bel punished by indictment, yet'in this instance it is also the violation oil a contract of which there is the right to enforce the specific execu-| tion. The party injured often prefers specific relief or performance! of his contract, to compensation in damages or punishment, and the! writ of mandamus is
 
 at law
 
 the appropriate civil remedy for such specific relief, in the absence of any other legal proceeding which can! give'it.
 
 (The King
 
 vs.
 
 The Marquis of Stafford, 3 T. R. 651.)
 
 In
 
 Rex
 
 vs.
 
 Baker and another,
 
 (3
 
 Burr.
 
 1267,) lord Mansfield says, “l| (the writ of mandamus) was introduced to prevent disorder from failure of justice and defect of police. Therefore, it ought to be usccj
 
 *315
 
 upon all occasions where the law has established no specific remedy, and where in justice and good government there ought to be one.” The proceeding is a civil remedy not a criminal prosecution, and it is no objection to the writ that the party violating the duty might be punished by indictment.
 
 (Rex
 
 vs.
 
 Severn and Wye Railroad Company, 2 Barn.
 
 &
 
 Ald.
 
 646.) In that case, Abbott, chief justice said, “If an indictment had been a remedy equally convenient, beneficial, and effectual as a mandamus, I should have been of opinion that we ought not to grant a mandamus; but I think it perfectly clear that an indictment is not such a remedy; for a corporation cannot be compelled by indictment to reinstate the road. The court may indeed in case of conviction impose a fine, and that fine may be levied by distress, but the corporation may submit to the payment of the fine, and refuse to reinstate the road; and at all events a considera ble delay may take place, the remedy, therefore, is not as effectual as that by mandamus.” The power of issuing the writ of mandamus, is one of the highest and most important branches of the jurisdiction of the Court of King’s Bench in England, and by the provisions of our constitution and the acts of assembly, the Superior Court is invested with all the powers of the Court of King’s Bench, in the general administration of justice.
 

 Gilpin,
 
 Attorney-general, for the State.
 

 IVales,
 
 for the defendants.
 

 As to the second objection, it is true that the writ can only be obtained by application to the court suggesting a suitable case for the exercise of its discretion in granting the writ, and that the suggestion must be made affidavit in the case of a private relator; but ¡not so in the case of the Attorney-general; who, ex officio, suggests to the court a case of a violation of public duty; and asks on behalf of the State, a mandamus to compel the performance of it. The [Attorney-general undoubtedly must show a cáse which justifies the [issuing of the writ, and that has been done in this instance by show-ling the duty imposed by the charter on the company, and the presentment of the grand jury. As the writ in the first instance will be In the alternative, either to do what is commanded, or show some reason to the contrary, the company will have an opportunity in the return to .offer any explanation, excuse or justification which they Inay deem proper.
 

 Rule absolute.